# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TANISHA L. McNABB,

     Plaintiff,

v.                                        Civ. No. 15-981 RB/LF

UNITED STATES AIR FORCE and
STEPHANIE R. BULKLEY,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant United States Air Force ("USAF")'s Motion to Dismiss (*doc. 21*). Having reviewed the accompanying briefing and being otherwise fully advised, the Court will grant the Motion.

## I. PROCEDURAL POSTURE

Plaintiff Tanisha McNabb, proceeding *pro se*, filed a Complaint against her former employer, the USAF, as well as against Ms. Stephanie Bulkley, an Air Force employee and the former spouse of one of Plaintiff's alleged assailants. Plaintiff alleges that she was wrongfully discharged by Defendant USAF in retaliation for reporting a sexual assault perpetrated against her, in violation of the Military Whistleblower Protection Act ("MWPA"), 10 U.S.C. § 1034. She further claims that Defendant Bulkley, acting in her official capacity as an employee of the USAF, published defamatory statements impugning Plaintiff's character via social media. Plaintiff alleges that these statements caused or exacerbated her emotional distress, PTSD, and suicidal tendencies and now seeks relief under the Federal Tort Claims Act ("FTCA").

Plaintiff initially brought suit against the USAF in this Court on October 25, 2013, alleging similar facts and claims to those advanced in the present action. *See McNabb v. United States Air Force*, No. 13-cv-1048, *Doc 1* (D.N.M. Nov. 4, 2013) ("*McNabb I*"). On November 4, 2013, the Court dismissed Plaintiff's Complaint for lack of subject matter jurisdiction. *See McNabb I*, *doc. 4*. However, the Court stated that Plaintiff could file a subsequent complaint curing the deficiencies noted by the Court if she could state a cognizable claim without relying on the same allegations and claims already rejected. *Id.* at 18.

Plaintiff commenced the present action via a second Complaint on October 29, 2015. *Doc. 1*. On July 11, 2016, Defendant USAF filed a Motion to Dismiss on the basis of issue preclusion, lack of subject matter jurisdiction, and failure to state a claim upon which relief could be granted. *Doc. 21*. Plaintiff failed to file a timely response and Defendant USAF filed a notice of briefing complete on August 16, 2016. *See doc. 24*.

## II.   FACTUAL ALLEGATIONS

Plaintiff is a New Mexico resident domiciled in Albuquerque. *Doc. 1* at 1. Beginning in 2008, she served as an active duty junior airman in the United States Air Force and was stationed at Kirtland Air Force Base, New Mexico. *Id.* at 5. On May 13, 2010, Plaintiff reported an alleged sexual assault against her to the Air Force Office of Special Investigations ("AFOSI"). *Id.* It is undisputed that, shortly thereafter, Plaintiff was administratively discharged from the USAF on May 28, 2010. *Id.*; *see also doc. 21* at 3.

While the timing of these two events is evident, their relationship to one another remains disputed by the parties. Plaintiff asserts that her sexual abuse allegation was corroborated by "restricted reports" from her psychotherapy sessions for the nine month period preceding her reporting the incident to AFOSI. *Doc. 1* at 5. She argues that her discharge came as a direct

2

result of her reporting the incident to the appropriate investigative authorities and concludes that she was wrongfully denied access to her education benefits. *Id.* By contrast the USAF claims that Plaintiff had a documented history of repeated misconduct and reprimand which formed the basis of the decision to discharge her. *See doc. 21* at 3. Of particular importance, the USAF also asserts that Plaintiff was notified of the decision to discharge her on May 11, 2010, two days before she first reported her alleged assault to AFOSI. *Id.* The USAF stated that, following an investigation which revealed no credible evidence supporting Plaintiff's claim, it simply proceeded with the previously planned discharged based on Plaintiff's unrelated misconduct. *Id.* Defendant USAF also argues that Plaintiff was discharged under a "General" rather than "Honorable" service characterization, foreclosing any entitlement to education benefits under the Post 9/11 G.I. Bill. *Id.*

Following her discharge from service, Plaintiff continued to reside near Kirtland Air force Base and became employed by a private company as a work unit administrative assistant for the Air Force Research Laboratories. *Doc. 1* at 7. On October 23, 2011, Plaintiff attended a Halloween party on the base and claims that she was sexually assaulted by a Senior Airman named Skott Cameron. *Id.* Plaintiff asserts that for a two year period thereafter, Airman Cameron's then-spouse, Defendant Stephanie Bulkley engaged in ongoing harassment of Plaintiff which included publishing libelous statements about her on the social media website "Facebook." *Id.* at 8.

The USAF disputes these facts, arguing that an investigation again revealed no credible evidence supporting her allegation. *See doc. 21* at 5-6. The USAF also claims that it was Plaintiff who engaged in harassment, noting that she was arrested by base security forces for possession of drug paraphernalia after an incident in which she was yelling and banging on the

door of Airman Cameron's home.  *Id.* at 5.  Further, Defendant USAF asserts that the Facebook

exchange between Plaintiff and Defendant Bulkley was not published, but instead took place

entirely within a private person-to-person message which Plaintiff initiated under the pseudonym

"Nicole Allen."  *Id.* at 6.

### III.   LEGAL STANDARDS

### A.  Motions to Dismiss under Rule 12(b)(1)

"A 12(b)(1) motion is the proper avenue to challenge the court's subject matter

jurisdiction, and Rule 12(h)(3) requires that '(w)henever it appears by suggestion of the parties

or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the

action.'"  *Barnson v. United States*, 531 F. Supp. 614, 617 (D. Utah 1982).  Such motions may

take one of two forms.  First, "a facial attack on the complaint's allegations as to subject matter

jurisdiction questions the sufficiency of the complaint."  *Holt v. United States*, 46 F.3d 1000,

1002 (10th Cir. 1995).  In reviewing motions of this type, "a district court must accept the

allegations in the complaint as true."  *Id.*  Second, "a party may go beyond allegations contained

in the complaint and challenge facts upon which subject matter jurisdiction depends.  *Id.*  In

evaluating motions brought under the second form, the Tenth Circuit explained:

> When reviewing a factual attack on subject matter jurisdiction, a district court
> may not presume the truthfulness of the complaint's factual allegations.  A court
> has wide discretion to allow affidavits, other documents, and a limited evidentiary
> hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*Id.* (internal citations omitted).  Accordingly, this Court reviews the face of the complaint and

any relevant external materials to determine whether Plaintiff has presented claims within the

Court's jurisdiction, a necessary prerequisite for adjudication on the merits.  Fed. R. Civ. P.

12(b)(1); *see also Fleming v. Gutierrez*, 785 F.3d 442, 444 (10th Cir. 2015) (holding that lack of

subject matter jurisdiction precludes reaching the merits of a dispute).

### B.  Motions to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief.  Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the complaint and must view them in the light most favorable to the nonmoving party.  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Id*.

To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The court need only evaluate allegations "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Further, the court is not required to accept conclusions of law or the asserted application of law to the alleged facts.  *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).  Following these principles, the Court considers whether the facts "plausibly

give rise to an entitlement to relief."  *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677-78).

### C. *Pro se* Pleadings

The Court notes that pleadings submitted by an individual proceeding *pro se* are held to a less stringent standard than those prepared by attorneys.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A "pro se document is to be liberally construed," and can be dismissed for failure to state a claim only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted); *see also Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).  "This liberal construction, however, will not relieve plaintiff of his burden of presenting sufficient facts to state a legally cognizable claim."  *White v. State of Colo.*, 82 F.3d 364, 366 (10th Cir. 1996); *see also Hall*, 935 F.2d at 1110.

### IV.  DEFENDANT USAF'S MOTION TO DISMISS

Defendant USAF first argues that all counts contained in Plaintiff's present Complaint are barred by the doctrine of issue preclusion.  *Doc. 21* at 11.  Defendant claims that the Court has already dismissed each of Plaintiff's allegations and argues that Plaintiff has failed to present new facts or theories which cure the deficiencies of her previous complaint.  *Id*.  Defendant USAF further asserts that, even if not barred by issue preclusion, Plaintiff's claims should nonetheless be dismissed against them.  *Id.* at 11-12.  Specifically, the USAF claims that the MWPA does not create a justiciable right of action and that the FTCA has not waived sovereign immunity for defamation claims.  *Id.* at 12-20.  Accordingly, the USAF argues that Plaintiff's allegations do not fall within the Court's subject matter jurisdiction and the Complaint fails to state a claim upon which relief can be granted.  *Id.* at 12-22.  Ultimately, the Court concludes

that Plaintiff's claims are partially barred by the doctrine of issue preclusion and that the Court does not possess jurisdiction over Plaintiff's remaining count, entitling Defendant USAF to dismissal.

### A.  Issue Preclusion

It is well settled under the doctrine of *res judicata* that "[a] party who has had a full opportunity to present a contention in court ordinarily should be denied permission to assert it on some subsequent occasion."  *Park Lake Res. Ltd. Liab. v. U.S. Dep't Of Agr.*, 378 F.3d 1132, 1135 (10th Cir. 2004).  The *res judicata* doctrine encompasses two distinct bars to duplicative litigation: claim preclusion and issue preclusion.  *Id.*  Issue preclusion prohibits a party from "relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Id.*; *see also Dodge v. Cotter Corp.,* 203 F.3d 1190, 1198 (10th Cir. 2000).

As a general rule, preclusion requires that the prior action which addressed the issue be finally adjudicated on the merits.  *Dodge*, 203 F.3d at 1198.  Here, it is undisputed that Plaintiff's previous suit was not finally adjudicated, but rather dismissed without prejudice for lack of subject matter jurisdiction.  *McNabb I, doc. 4* at 10-18; *see also McNally v. Colo. State Patrol*, 122 F. App'x 899, 902 (10th Cir. 2004) (for purposes of preclusion "a dismissal without prejudice does not operate as a final adjudication on the merits").  However, "[i]n contrast to claim preclusion, issue preclusion bars relitigation of matters actually litigated and adjudged, even if there is no final judgment on the merits."  *McNally*, 122 F. App'x at 902; *See also Park Lake Res. Ltd. Liability Co. v. U.S. Dept. of Agric.,* 378 F.3d 1132, 1136 (10th Cir. 2004). Accordingly, the Court addresses what issues have been previously adjudicated to determine which claims Plaintiff is precluded from reasserting.

In dismissing her claim for lack of subject matter jurisdiction, this Court explicitly addressed Plaintiff's arguments for defamation/libel and infliction of emotional distress stemming from comments regarding her allegation of sexual assault by Airman Cameron. *See McNabb I, doc. 4* at 5-6. This analysis rejected Plaintiff's claims against the USAF, holding that subject matter jurisdiction was not satisfied through the FTCA, 42 U.S.C § 1983, or the Violence Against Women Act. *Id.* at 5-6, 10-18 (holding that Plaintiff has not exhausted her administrative remedies and that the FTCA does not allow defamation claims against the government). These issues are thus subject to preclusion and may not be readdressed in her present suit. *See Park Lake*, 378 F.3d at 1135.

In contrast to the duplicative arguments contained in Count Two, Plaintiff's first count of the present Complaint appears to contain factual assertions and legal bases for relief which have not yet been resolved. Indeed, the Court in Plaintiff's previous case did not specifically adjudicate Plaintiff's current argument that the USAF discharged her in retaliation for the May 13, 2010 allegation of a separate sexual assault against her. *See generally McNabb I, doc. 4.* In addition, this Court's previous order does not address Plaintiff's claim of entitlement to statutory protection as a whistle blower. *Id.*; *see also doc. 1* at 5. Mindful of the duty to liberally construe *pro se* pleadings, the Court therefore holds that Count One of Plaintiff's current Complaint presents an alternative argument for subject matter jurisdiction pursuant to the MWPA, 10 U.S.C. § 1034,which has not been previously adjudicated. This claim is thus not subject to estoppel under the doctrine of issue preclusion and must be addressed by the Court.

### B.  Subject Matter Jurisdiction

"[F]ederal courts are courts of limited jurisdiction [and] the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. P'ship--1985A v. Union Gas Sys., Inc.*,

Case 1:15-cv-00981-RB-LF   Document 25   Filed 10/21/16   Page 9 of 11

929 F.2d 1519, 1521 (10th Cir. 1991).  With regard to suits initiated against the United States or an entity thereof, federal courts lack subject matter jurisdiction except in instances where the United States has waived its sovereign immunity.  *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009).

Indeed, the very concept of sovereign immunity "means that the United States cannot be sued without its consent."  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir.1992).   In addition, the scope of a sovereign immunity waiver must be strictly construed in favor of the sovereign.   *Sossamon v. Texas*, 563 U.S. 277, 292 (2011). Consequently, Plaintiff may not proceed unless she can establish that the United States has unequivocally waived its sovereign immunity with respect to the remaining unadjudicated claim. *See Iowa Tribe of Kansas & Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010); *see also United States v. King*, 395 U.S. 1, 4 (1969) (a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed").

Here, Plaintiff's sole unaddressed count seeks relief pursuant to the "Whistleblower Protection Act," presumably in reference to the MWPA.   *See doc. 1* at 5. Thus, the Court examines whether this statute constitutes a waiver of sovereign immunity enabling Plaintiff to maintain her suit.   *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (Plaintiff must provide a specific statutory waiver of sovereign immunity).  The MWPA provides a detailed administrative process to protect individuals within the military from adverse personnel actions in retaliation for protected whistleblower communications, including allegations of sexual assault. *See* 10 U.S.C. § 1034(b)-(c).  Specifically, it instructs the Inspector General to conduct a comprehensive investigation into allegations of whistleblower retaliation and prepare a recommendations report for the Secretary of the military department concerned,

who will then determine whether a violation has occurred and, if so, take the necessary corrective action. *See Id*. § 1034(c)-(f).  The MWPA also provides individuals with several appellate remedies in the event that the relief sought is not granted, including application for review by the appropriate military corrective board and the Secretary of Defense.  *Id*. § 1034(g), (h); *see also* 10 U.S.C. §§ 1552-53.

While the MWPA provides individuals with a litany of administrative processes by which to enforce their rights, Defendant USAF correctly contends that the statute does not confer jurisdiction for judicial review of alleged violations of the MWPA. While the Court is unaware of any Tenth Circuit precedent addressing this question, courts in other federal jurisdictions have consistently held that the MWPA "established only an administrative remedy" and that "Congress did not intend any private cause of action" which would confer jurisdiction upon the federal courts.  *Acquisto v. United States*, 70 F.3d 1010, 1011 (8th Cir. 1995); *see also, e.g., Penland v. Mabus*, 78 F. Supp. 3d 484, 495 (D.D.C. 2015) ("any [MWPA] violation cannot be rectified by this Court because the MWPA does not provide a private cause of action."); *Hernandez v. United States*, 38 Fed. Cl. 532, 536 (1997) ("the statute affords members of the armed forces solely administrative remedies.  Therefore, plaintiff cannot file a claim in this court under the Military Whistleblower Protection statute, as no private cause of action exists."); *Brezler v. Mills*, 86 F. Supp. 3d 208, 220 n. 12 (E.D.N.Y. 2015); *Bryant v. Military Dep't of State of Miss. ex rel. Miss. Air Nat. Guard*, 381 F. Supp. 2d 586, 590 (S.D. Miss. 2005), *aff'd sub nom.*, 597 F.3d 678 (5th Cir. 2010); *Trueman v. Lekberg*, No. CIV.A. 97-1018, 1998 WL 181816, at *2 n. 6 (E.D. Pa. Apr. 16, 1998), *aff'd*, 168 F.3d 479 (3d Cir. 1998).  This conclusion is further supported by the legislative history of the MWPA, which reveals that, despite considering the possibility of affording judicial review, Congress ultimately rejected this approach due to objections from the Department of Defense.  *See* Major Daniel A Lauretano, *Military Whistleblower Protection Act and Military Mental Health Evaluation Protection Act*, Army Lawyer 1, 9-10 (Oct. 1998); *see also Hearings on H.R. 1394 Before the Acquisition Policy Panel of the House Comm. on Armed Services*, 100th Cong. (1988) at 98-100, 120-21, 142-43;

National Defense Authorization Act, Fiscal Year 1989, Pub. L. No. 100-456, § 846,102 Stat. 2, 27-30

(1988).

Accordingly, this Court does not possess subject matter jurisdiction to adjudicate the claims contained in Plaintiff's Count One, and Defendant USAF is entitled to its requested relief of dismissal.

V.      CONCLUSION

For the foregoing reasons, the Court will grant Defendant USAF's Motion to Dismiss on the basis of issue preclusion and lack of subject matter jurisdiction.

**THEREFORE**

**IT IS ORDERED** that on Defendant USAF's Motion to Dismiss (*doc. 21*) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**